**DOUGLAS AIRCRAFT COMPANY, a component of McDonnell Douglas Corporation, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 78-3436.

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1979.

Rehearing Denied Dec. 26, 1979.

James N. Adler, Munger, Tolles & Ricker-shauser, Los Angeles, Cal., for petitioner.

Sandra K. Williams, N.L.R.B., Washington, D. C., for respondent.

Before CHOY, ANDERSON and HUG, Circuit Judges.

CHOY, Circuit Judge.

Douglas Aircraft petitions to set aside an order of the National Labor Relations Board (NLRB) which refused to defer to an arbitration award establishing that a worker was not fired because of his union activities. We agree that the Board should have deferred, and we set aside its order.

Douglas Aircraft discharged McMurphy, an employee. He filed a complaint with the NLRB and his union prosecuted a grievance under the collective bargaining agreement on his behalf, both claiming that he was fired because of his union activities. The grievance was pursued to arbitration, and the arbitrator ordered reinstatement. However, he denied backpay, for two reasons: McMurphy's pattern of abusive and uncivil conduct, and McMurphy's refusal to agree to a settlement of his dispute worked out by the company and his union, which called for reinstatement, arbitration of the backpay issue, and withdrawal of the unfair labor practice charge.

The General Counsel of the NLRB issued a complaint alleging that the discharge was an unfair labor practice and that the arbitrator's award was repugnant to the National Labor Relations Act ("the Act"). The company and the union jointly requested the arbitrator to clarify his decision. The arbitrator responded that there was no evidence that McMurphy's union activities were a reason for his firing, and that the two reasons for denying backpay were each independent and sufficient. An Administrative Law Judge recommended deference to these arbitral findings and dismissal of the unfair labor practice charge. But the NLRB found that the arbitrator's award was clearly repugnant to the purposes and policies of the Act, so the Board refused to defer to it. The company suffered a final order to be entered against it, preserving its appeal rights on the deference issue. The NLRB order provided for backpay, among other things.

Federal policy favors arbitration of labor disputes. *See, e. g., Gateway Coal Co. v. U.M.W.,* 414 U.S. 368, 377, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974). Accordingly, the NLRB has adopted the policy of deferring to arbitration proceedings which covered the same ground as unfair labor practice complaints, unless the proceedings were unfair or irregular, or the parties had not agreed to be bound, or the arbitration award was "clearly repugnant to the purposes and policies of the Act." *Spielberg Mfg. Co.,* 112 N.L.R.B. 1080, 1082 (1955); *International Harvester Co.,* 138 N.L.R.B. 923, 927 (1962), aff'd sub nom. *Ramsey v. NLRB,* 327 F.2d 784 (7th Cir.), cert. denied, 377 U.S. 1003, 84 S.Ct. 1938, 12 L.Ed.2d 1052 (1964).

The issue in this case is whether the award was repugnant to the Act. We agree with the Board that conditioning an award of backpay on surrender of an unfair labor practice charge is repugnant to the purposes and policies of the Act, which favors freely bringing all such charges to light. *See NLRB v. Industrial Union of Marine & Shipbuilding Workers,* 391 U.S. 418, 424, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). The question is whether on original decision or upon clarification the arbitrator

found that the permissible reason for denying backpay (abusive and uncivil conduct) and the impermissible reason (refusing to abandon complaint) were independent reasons—each one sufficient—or cumulative reasons—neither sufficient alone. If the reasons were independent the impermissible one can be disregarded as "harmless error."

"The Board's characterization of the award and consequent refusal to defer will be reversed on review only when the Board abuses its wide discretion." *Alfred M. Lewis, Inc. v. NLRB*, 587 F.2d 403, 407 (9th Cir. 1978). But "[i]n reviewing the Board, we must insure that it adheres to its own standards until they are properly changed by the Board." *Hawaiian Hauling Service, Ltd. v. NLRB*, 545 F.2d 674, 676 (9th Cir. 1976), *cert. denied*, 431 U.S. 965, 97 S.Ct. 2921, 53 L.Ed.2d 1061 (1977). Here we conclude that the Board has abused its discretion.

The Board felt that on original decision the arbitrator's reasons were clearly cumulative, and that while on clarification the reasons were described as independent, the clarification procedure was result-reaching and should be disregarded as "prejudicial." On appeal, counsel for the Board took a different tack, arguing that even after the clarification the arbitrator's position was still that the reasons were cumulative, or if not, then that the "clarified" position was ambiguous.

In the arbitrator's original decision, it was unclear whether the two reasons given for denying backpay were independent or cumulative. Backpay was denied for "two reasons":

> The first is his pattern of hostile, abusive, profane, and uncivil conduct . . . .
> The second reason that I think McMurphy should be denied back pay is that he alone was responsible for the rejection of the agreement to put him back to work in September 1974.

For the NLRB to interpret this language as unambiguously indicating cumulative reasons was an abuse of discretion.

■ It was proper to obtain from the arbitrator a clarification of his reasoning.

*See Hanford Atomic Metal Trades Council v. General Electric Co.*, 353 F.2d 302, 307–08 (9th Cir. 1965). The original opinion was ambiguous, and indeed the clarified opinion belied the Board's confident interpretation of the original.

There was no "prejudice" in the company and union jointly seeking a clarification only after the NLRB's general counsel had issued the instant complaint. Before then, no party had any need to clarify the arbitrator's reasoning. The parties merely acted to preserve their legitimate interest in the finality of the arbitration decision. Indeed, the administrative law judge found that all proceedings before the arbitrator were fair and regular and that the union fairly represented McMurphy, and no exceptions were taken to these findings.

The clarification unambiguously established that the arbitrator's reasons were independent. (The Board's opinion essentially admits this.) He said, "[I]n absence of the offer of settlement and McMurphy's rejection of it, I would have denied him backpay for the first reason [abusive and uncivil conduct] without any question or ambiguity whatever in my mind." He later indicated that he still considered rejection of the settlement "a supporting argument for the denial of backpay. But as I tried to indicate in answer to the question, in the absence of the offer of settlement, in the absence of Mr. McMurphy's rejection of it, I still would have denied backpay."

Since the arbitrator's decision, as clarified, rested independently on a ground not repugnant to the Act, the Board should have deferred as per its established policy and dismissed the unfair labor practice charge.

■ Indeed, even if there had been no proper clarification, the ambiguous original decision should itself have been accorded deference. If the reasoning behind an award is susceptible of two interpretations, one permissible and one impermissible, it is simply not true that the award was "clearly repugnant" to the Act. Nor can it be said that such an award was "palpably wrong,"

see *International Harvester Co.*, 138 N.L.R.B. at 929. The reasoning, if ambiguous, could have been interpreted in a non-repugnant way, and should have been in order to give arbitration the "hospitable acceptance" necessary if "complete effectuation of the Federal policy is to be achieved." *Id.* at 927.

In *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), the Supreme Court said,

> A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award. Arbitrators have no obligation to the court to give their reasons for an award. To require opinions free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions. This would be undesirable for a well-reasoned opinion tends to engender confidence in the integrity of the process and aids in clarifying the underlying agreement. Moreover, we see no reason to assume that this arbitrator has abused the trust the parties confided in him and has not stayed within the areas marked out for his consideration.

This reasoning is applicable to the present case. Overzealous dissection of opinions by the NLRB, as well as by courts, can deter the writing of full opinions, and it should not be assumed that an arbitrator has snubbed the Act any more than that he has exceeded his authority.

Thus the Board should have deferred because a plausible interpretation of the ambiguous original award was consistent with the Act, and thus the award was not "clearly repugnant" to the Act. This is an independent ground for our holding.[1]

Order Set Aside. NLRB's cross-application for enforcement Denied.

---

1. Our disposition of this case makes it unnecessary to reach the other issues raised by the parties. For example, the company argues that even if the portion of the arbitration award denying backpay was repugnant to the Act, the "taint" would not extend to the portion of the clarification stating that McMurphy's union activities were no part of the reason for his firing.