8 F.3d 27
 148 L.R.R.M. (BNA) 2128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DANIEL KANE, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 92-70076.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1993.
Decided Oct. 1, 1993.
As Amended Nov. 2, 1993.
 
 Before: BROWNING, CHOY, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 When there is a conflict of interest between the employee and his union representative in an arbitration, the National Labor Relations Board does not defer to the results of the arbitration, because it cannot be presumed the union representative adequately protected the employee's statutory rights. See Carolina Freight Carriers Corp., 295 NLRB 1080, 1081 (1989); Hendrickson Bros., Inc., 272 NLRB 438 (1985), enf'd mem., 762 F.2d 990 (2d Cir.1985); see also NLRB v. International Brotherhood of Electrical Workers, Local 11, 772 F.2d 571, 575 (9th Cir.1985) (Board properly refused to defer given conflict of interest).
 
 
 3
 Kane asserted just such a conflict. At the time the grievance was being arbitrated, Kane was running for union delegate in opposition to Lindeman, his representative at the arbitration; and soon after Kane's discharge was upheld, Lindeman unsuccessfully sought to disqualify him from the election on that basis. Kane Affidavit, p 9, ER at 11. These allegations, uncontested by the company, show a significant conflict of interest between Kane and his union representative at the arbitration.
 
 
 4
 The Board's decision to defer or not "will be reversed only when the Board abuses its wide discretion. But [i]n reviewing the Board, we must insure that it adheres to its own standards until they are properly changed by the Board." Douglas Aircraft Co. v. NLRB, 609 F.2d 352, 354 (9th Cir.1979) (citations and internal quotations omitted). Since the uncontested evidence showed a serious conflict of interest between Kane and his union representative at the arbitration, deferral to the arbitration award would have been inappropriate under the Board's stated standards.
 
 
 5
 The petition for review is granted and the Order of the NLRB is vacated. The case is remanded for further proceedings consistent with this decision.
 
 
 
 *
 The parties are familiar with the facts and issues presented in this case and we will not repeat them here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3