**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**S.R.D.C., INC., Respondent.**

**No. 93–70280.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted October 17, 1994.

Decided Jan. 18, 1995.

Angela Michelle Washington, N.L.R.B., Washington, DC, for petitioner.

Thomas M. Gosselin and Jonathan K. Levy, Pahl & Gosselin, San Francisco, CA, for respondent.

Before: LAY,* PREGERSON, and O'SCANNLAIN, Circuit Judges.

Per Curiam;

Partial Concurrence and Partial Dissent by Judge O'Scannlain.

PER CURIAM:

The National Labor Relations Board applies for enforcement of an order of the Board finding that S.R.D.C., Inc. violated section 8(a)(5) and (1) of the National Labor Relations Act ("the Act"), 29 U.S.C. § 158(a)(5) and (1), by refusing to bargain with Operating Engineers, AFL–CIO, which had been certified as the exclusive bargaining representative of a unit of S.R.D.C.'s employees. We grant enforcement of the Board's order.

I. *Background*

At issue in this case are the votes of two employees of S.R.D.C. in the election which led to the certification of the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL–CIO ("the union") by the Board as the exclusive bargaining representative of the S.R.D.C.'s employees.

* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

## A. *The Representation Proceeding*

S.R.D.C. is a company engaged in the business of recycling concrete and asphalt. In December 1990, the union filed a representation petition with the Board requesting certification as the bargaining representative of the company's recycling employees. Two months later, the Board held a secret ballot election. Of twenty-one ballots cast, eight votes were for the union, seven were against. Six additional ballots were challenged by the Board agent on the ground that their names were not on the eligibility list supplied by S.R.D.C. A hearing was held in September 1991 over the contested ballots. S.R.D.C. argued in its brief to the hearing officer, *inter alia*, that the ballot of Eriberto Reyes was invalid since he was a temporary employee, and that the ballot of Jose Figueroa should also not be counted because he was a supervisor.

The hearing officer overruled the challenges to the ballots of Figueroa and Reyes and ordered that their ballots be opened and counted.[1] S.R.D.C. filed exceptions to the hearing officer's report. In May 1992, the Board issued its decision adopting the hearing officer's findings and recommendations.

The final tally of ballots was eleven votes for the union and nine against. In June 1992 the Regional Director issued a Certification of Representative certifying the union as the exclusive bargaining representative of the unit employees.

## B. *The Unfair Labor Practice Proceeding*

■ Thereafter, the union requested S.R.D.C. to bargain and the company refused to bargain in order to test the union's certification.[2] In response, the union filed an unfair labor practice charge with the Board, and the Board subsequently issued a complaint alleging an unlawful refusal to bargain in violation of § 8(a)(5) of the Act. The Board counsel then filed a motion for summary judgment, and S.R.D.C. filed its opposition, denying the validity of the election and reasserting its contention that the ballots of Figueroa and Reyes should have been excluded. The Board granted the motion for summary judgment, finding that S.R.D.C. violated Section 8(a)(5) and (1) of the Act by refusing to bargain with the union. In so holding, the Board did not review the company's challenge to the ballots of Figueroa and Reyes.

## II. *Discussion*

On appeal, S.R.D.C. contends that the Board erred when it found that Eriberto Reyes was not a temporary employee and that Jose Figueroa was not a supervisor. Since the union won the election by two votes, S.R.D.C. must prevail on both challenges to succeed in setting aside the Board's order. *See N.L.R.B. v. Speedway Petroleum*, 768 F.2d 151, 155 (7th Cir.1985).

## A. *Standard of Review*

■ We conduct a limited review of the Board's underlying decision. *N.L.R.B. v. Cal–Western Transport*, 870 F.2d 1481, 1483 (9th Cir.1989). "We must uphold decisions of the Board if its findings of fact are supported by substantial evidence and if the Board correctly applied the law." *N.L.R.B. v. General Truck Drivers, Local No. 315*, 20 F.3d 1017, 1021 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 355, 130 L.Ed.2d 310 (1994). The Board has "broad discretion in determining the propriety of the election process." *N.L.R.B. v. Island Film Processing Co.*, 784 F.2d 1446, 1450 (9th Cir.1986). We will defer to the Board's interpretation of the Act "if it is reasonably defensible." *General Truck*

---

1. The four other challenged ballots are no longer at issue.

2. A representation decision by the Board is not a reviewable final order within the meaning of section 10(f) of the Act, 29 U.S.C. § 160(f), except in narrowly defined exceptions which are inapplicable here. *Boire v. Greyhound Corp.*, 376 U.S. 473, 476–77, 84 S.Ct. 894, 896, 11 L.Ed.2d 849; *Cannery Warehousemen v. Haig Berberian, Inc.*, 623 F.2d 77, 79–80 (9th Cir.1980). An employer can thus obtain review of the Board's representation decision only by refusing to bargain, "thereby causing the Board to rule that the employer [has] committed an unfair labor proceeding." *Cannery Warehousemen*, 623 F.2d at 80 n. 3. Since the unfair labor practice ruling is a reviewable final order, the court of appeals can then examine the propriety of the Board's representation decision as part of its review of the unfair labor practices order. *Id.*

*Drivers,* 20 F.3d at 1021, *quoting N.L.R.B. v. United Union of Roofers, Waterproofers & Allied Workers, Local 81,* 915 F.2d 508, 510 (9th Cir.1990).

### B. *Eriberto Reyes*

■■■ As a general rule, an employee is eligible to vote in a representation election if he or she is employed in the bargaining unit during the eligibility period and on the date of the election. *St. Elizabeth Community Hosp. v. N.L.R.B.,* 708 F.2d 1436, 1444 (9th Cir.1983). The Board has formulated an exception to this general rule, however, in the case of temporary employees. In determining whether a temporary employee should be included in a bargaining unit, the Board has applied two different tests: the reasonable expectation test, and the date certain test. *N.L.R.B. v. New England Lithographic Co.,* 589 F.2d 29, 32 (1st. Cir.1978). Under the first test, the Board looks at the employee's reasonable expectation of permanent employment within the bargaining unit. Under the latter approach, an employee whose term of employment remains uncertain is eligible to vote. S.R.D.C. argues that the reasonable expectation test is the proper standard.

Only one circuit has directly addressed the issue concerning which of these tests is preferable. In *New England Lithographic,* the First Circuit endorsed the date certain test. The *New England Lithographic* court began its analysis by noting that the reasonable expectation test has most often been applied in cases where employees did not work on the election date due to, e.g., temporary layoff or a leave of absence. *Id.* at 33. The Board has not, added the court, generally applied the reasonable expectation test to temporary workers employed at the time of the election. *Id.*

The cases S.R.D.C. cites in support of the reasonable expectation test are also cases where the workers whose votes were at issue were not employed on the day of the election. *See, e.g., Monroe Auto Equipment,* 273 N.L.R.B. 103 (1984) (laid off employees); *Lennox Industries,* 250 N.L.R.B. 58 (1980) (same). Further, in *Knapp–Sherrill,* 196 N.L.R.B. 1072 (1972), a case from which S.R.D.C. quotes to set out the language for

its preferred test, the votes at issue were for temporary seasonal workers who were not working at the time of the election.

The court in *New England Lithographic* then concluded that the reasonable expectation test was appropriate for those situations where the employees at issue were not working at the time of the election simply because " 'no more objective standard [is] available' " in those cases. *Id.* at 32, *quoting N.L.R.B. v. General Tube Co.,* 331 F.2d 751, 753 (6th Cir.1964). But where the worker in question *is* employed during the election, the court in *New England Lithographic* found that the date certain test was preferable because it "avoids the mind reading and subjective fact finding problems engendered by the reasonable expectation standard." 589 F.2d at 34. We agree with the reasoning of the First Circuit and therefore adopt the date certain test as the correct standard for determining whether temporary employees are eligible to vote in union certification elections.

■■■ The hearing officer in this case applied the date certain test and found that Eriberto Reyes was eligible to vote. Reyes was hired when the company began operating a substitute crushing machine while its regular machine was under repair. Five months later, and a week after the election, the regular crusher was put back into operation, and Reyes was terminated. The hearing officer ruled that since Reyes was employed on the day of the election, and worked for another day beyond that, Reyes was thus an eligible voter. In making that finding, the hearing officer also noted that Reyes was not told in advance of his layoff that he was going to be laid off on a certain date.

S.R.D.C.'s next argument is that even if the date certain test is the proper standard, the hearing officer in this case misapplied that test. In support of this, S.R.D.C. cites *Caribbean Communications Corp., d/b/a St. Thomas–St. John Cable TV,* 309 N.L.R.B. 106 (1992).

In *Caribbean Communications,* the Board reversed a hearing officer's finding that a temporary employee was eligible to vote in a representation election. The employee in question, Lawrence, was hired as a tempo-

rary file clerk to complete a filing backlog project. Lawrence was specifically told when she was hired that she would be kept on until the filing backlog was completed. The original project estimate was three to four months, but it actually took over six months to complete. Seven days after the election, Lawrence was told that her temporary job would end because the project for which she was hired was completed.

The hearing officer in *Caribbean Communications* found that since there was no certain termination date until after the election, Lawrence was eligible to vote at the election. The Board reversed that finding, stating:

> [The date certain] test does not require a party contesting an employee's eligibility to prove that the employee's tenure was certain to expire on an exact date. It is only necessary to prove that the prospect of termination was sufficiently finite on the eligibility date to dispel reasonable contemplation of continued employment.

309 N.L.R.B. at 108, *citing Pen Mar Packaging Corp.*, 261 N.L.R.B. 874 (1982).

S.R.D.C. argues that because the hearing officer in this case was faced with a similar set of facts, she too should have found that Reyes was an ineligible temporary worker. But we believe that in *Caribbean Communications* and *Pen Mar* the Board, though nominally applying the date certain test, has been reverting to the subjective reasonable expectation test. The subjective nature of the reasonable expectation inquiry is the very thing the court in *New England Lithographic* was trying to avoid by adopting the alternative test. In endorsing the date certain test, the First Circuit described its proper application:

> Under the date certain test, an employee may be fully aware that his or her employment will be short-lived, but, as long as no definite termination date is known and the employee was employed on the eligibility and election dates, he or she will be eligible to vote.

*Id.* at 34.

We believe the hearing officer in this case properly applied the date certain test, in keeping with the findings of the First Circuit

in *N.L.R.B. v. New England Lithographic Co.* Thus we uphold the finding of the hearing officer, despite the Board's prior holdings in *Caribbean Corporation* and *Pen Mar*.

## C. Jose Figueroa

■ S.R.D.C. also asserts that substantial evidence does not support the Board's finding that Jose Figueroa was not a supervisor.

Section 2(11) of the Act defines a supervisor as follows:

> The term "supervisor" means any individual having authority, in the interest of the Employer, to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees, responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11).

■ S.R.D.C. states that this section should be read disjunctively, such that if Figueroa fulfills any one of the listed functions, he is a § 2(11) supervisor and ineligible to vote. The Board agrees that § 2(11) is disjunctive, but notes that in *Walla Walla Union–Bulletin v. N.L.R.B.*, 631 F.2d 609, 613 (9th Cir.1980) we stated that "the independent judgment requirement" at the end of § 2(11) "is interpreted in the conjunctive." We agree with the Board's interpretation. *See also George C. Foss Co. v. N.L.R.B.*, 752 F.2d 1407, 1410 (9th Cir.1985). The exercise of any one of the supervisory powers enumerated in § 2(11) must be combined with independent judgment for an employee to qualify as a statutory supervisor under the Act. In addition, we stated in *Walla Walla Union–Bulletin* that the "existence or exercise of any such powers must be more than merely routine or clerical in nature." *Id.*

In this case, the hearing officer found that "while there is evidence Figueroa exercised some supervisory authority in carrying out his duties, the preponderance of evidence fails to show that Figueroa exercised independent judgment in performing such duties." We find that the record amply supports that finding.

Figueroa works at S.R.D.C.'s Redwood City plant. The president of S.R.D.C., Larry Ferrari, works at his office about eight miles away. Ferrari and Figueroa both testified that Ferrari visits the plant almost every morning to discuss the day's work. Figueroa also testified that it is not necessary to make daily work assignments because employees know their jobs and routinely perform their jobs. Further, Ferrari stated that he is the one who decides whether the workers will put in any overtime. In evaluating this evidence, the hearing officer found: "The record evidence establishes the work performed by the Employer's employees is unskilled and routine in nature. Employees know their jobs and do not need to be told what to do on a daily basis."

■ We have recognized that the Board has expertise "in making the subtle and complex distinctions between supervisors and employees," and thus the normal deference we give to the Board is "particularly strong" when it makes those determinations. *George C. Foss*, 752 F.2d at 1410. *See also Island Film Processing*, 784 F.2d at 1450–51. Applying that strong deference here, we find the hearing officer carefully reviewed the facts, and that her application of the Act was "reasonably defensible." *General Truck Drivers*, 20 F.3d at 1021. We therefore uphold her finding that Figueroa is not a statutory supervisor.

III. *Conclusion*

We find that substantial evidence supports the hearing officer's finding, adopted by the Board, that Eriberto Reyes and Jose Figueroa were eligible to vote in the union certification election. We therefore grant enforcement of the Board's order.

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

While I am in agreement with the court's decision to grant enforcement of the Board's order based on Figueroa's status as an eligible employee, I must respectfully dissent from the implication that we might also hold that Reyes was eligible.

As the opinion expressly states, "[s]ince the union won the election by two votes,

S.R.D.C. must prevail on both challenges to succeed in setting aside the Board's order." The union quite properly wins the appeal if Figueroa is deemed an eligible employee. Despite our recognition of this fact, the opinion finds it necessary to address both challenges, in the process needlessly inferring adoption of the "date certain" test of *NLRB v. New England Lithographic Co.*, 589 F.2d 29, 32 (1st Cir.1978), a rule heretofore not applied in this or any other circuit. The panel unanimously agrees that Figueroa was not a statutory supervisor and thus was eligible to vote in the election; there is no need to reach the question of whether Reyes was eligible to vote as a temporary employee. Indeed, if we were properly to reach it without entering the realm of dicta as we do, I would counsel rejection of the "date certain" test as flawed. We expressly declined to choose between the "reasonable expectation" and the "date certain" tests in *NLRB v. Western Drug*, 600 F.2d 1324, 1325 (9th Cir. 1979). There is even less reason to settle this question here.