73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 LIBERTY NATURAL PRODUCTS, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LIBERTY NATURAL PRODUCTS, INC., Respondent.
 No. 94-70489.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Dec. 20, 1995.
 
 Before: BROWNING, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Since the parties are familiar with the facts, we need not recite them here.
 
 
 3
 I. National Labor Relations Act ("Act"), 29 U.S.C. Sec. 157
 
 
 4
 The petition activity was clearly a protected activity. Shelly & Anderson Furniture Mfg. Co., Inc. v. NLRB, 497 F.2d 1200, 1202-03 (9th Cir.1974). The purpose of the petition was to let management know that the employees were dissatisfied with Liberty's paycheck distribution policy and with their wages. Therefore, Liberty's discharge of Crumbaker and Cunningham was a prima facie violation of Sec. 8(a)(1). Wilson Trophy Co. v. NLRB, 989 F.2d 1502, 1507 (8th Cir.1993).
 
 
 5
 The Board held that Liberty's proffered reasons for discharge were merely pretextual. "[T]he trier of fact may infer motive from the total circumstances proved." Shattuck Denn Mining Corp. v. NLRB, 362 F.2d 466, 470 (9th Cir.1966). Of all the employees who signed the petition, only Cunningham and Crumbaker were discharged. Further, several other petition signers who apologized to Deirking for the petition were given pay raises. Under the circumstances, the Board's determination that Liberty's discharge of Crumbaker and Cunningham was a violation of Sec. 8 is supported by substantial evidence.
 
 II. Statutory Supervisor
 
 6
 Under Sec. 2(3) of the Act, supervisors are not protected under Sec. 7 of the Act. Although Crumbaker may have exercised supervisory type authority in carrying out some of her duties, "the existence or exercise of any such powers must be more than merely routine or clerical in nature." NLRB v. S.R.D.C., Inc., 45 F.3d 328, 332 (9th Cir.1995). The determination that Crumbaker possessed no supervisory authority is supported by substantial evidence.
 
 III. Smith
 
 7
 Generally, Sec. 8 of the Act does not protect supervisors engaging in Sec. 7 protected concerted activities. However, "[t]he discharge of supervisors is unlawful when it interferes with the right of employees to exercise their rights under Section 7 of the Act...." Parker-Robb Chevrolet, Inc. v. Automobile Salesmen's Union, Nos. 32-CA-2644 and 32-RC-1044, 1982 WL 90211, * 3 (N.L.R.B. June 23, 1982). Smith's termination notice stated that Smith was being discharged for "failure to timely notify management of inappropriate employee activity on company time and on company premises." The Board's determination that Smith's discharge was in violation of Sec. 8 is supported by substantial evidence.
 
 IV. Interrogation
 
 8
 During Dierking's interrogations of the employees who signed the petition, he questioned them about the roles Crumbaker and Cunningham played in the petition activity, and expressed his disappointment with the employees for the petition. Dierking also inquired of their reasons for signing the petition and solicited their apologies for participating in the petition activity. Dierking's interrogations were coercive and intimidating and were in violation of Sec. 8. L'eggs Products, Inc., v. NLRB, 619 F.2d 1337, 1345 (9th Cir.1980).
 
 V. CONCLUSION
 
 9
 Liberty's petition for review DENIED, and NLRB's petition for enforcement of the NLRB order GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Red.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3