**Stanley WITT and Gladys Witt, his wife, Plaintiffs-Appellants,**

v.

**REINHOLDT & GARDNER and Chris Schneider, Defendants-Appellees.**

**No. 78–1452.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 6, 1978.

Decided Nov. 13, 1978.

Stanley Witt, pro se.

Robert S. Allen and Andrew Rothschild of Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., filed brief, for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

In June 1973 Mr. and Mrs. Stanley Witt had a portfolio of corporate bonds in a margin account. On June 25, 1973, Mr. Witt had that account transferred to Reinholdt & Gardner. Later, because of insufficient margin, the account was closed by Reinholdt & Gardner, securities in the account were sold to satisfy existing obligations, and the balance of the account, which consisted of securities and cash, was delivered to the Witts.

Claiming the bonds should have been sold sooner and that he did not receive a timely margin call as required by the Rules of the New York Stock Exchange, Mr. Witt petitioned the Exchange to arbitrate his dispute with Reinholdt & Gardner. An arbitration hearing was held July 31, 1975, and Reinholdt & Gardner was ordered to pay the Witts $5,000.

After the sum was paid, the Witts filed suit in the United States District Court for the Eastern District of Missouri, seeking to "invalidate the arbitration proceeding" and to resubmit "the same matter to arbitration," on grounds that a "forged" margin call, dated June 24, 1974, had been introduced at the arbitration hearing by a witness for Reinholdt & Gardner who testified it had been sent to the Witts.

Upon motion by defendants, the district court dismissed the action on March 28, 1978, and on May 23, 1978, the court denied plaintiffs' motion to reconsider. Plaintiffs have appealed that decision by their "appeal for resubmission to arbitration," filed on July 25, 1978.

The arbitration award of $5,000 was dated July 31, 1975. No notice of this action to vacate or modify the award was given to defendants prior to the filing of suit in the district court on January 27, 1978. Plaintiffs thus failed to comply with 9 U.S.C. § 12, which provides in pertinent part, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Assuming, but not deciding, that there was jurisdiction under the Federal Arbitration Act, the failure to give notice as required justified the dismissal of the action.[1]

Judgment affirmed.

---

1. In its memorandum dated March 28, 1978, the court stated, *inter alia,*

> The Act [Federal Arbitration Act, 9 U.S.C. § 1 (1974)] required that notice of an action to modify an award be given within three months of the award. The notice must be given "as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 12. No such notice was given.