**Alvin GANDAL, Plaintiff,**

v.

**DALEY SECURITIES, INC. and Wedbush Securities, Inc., Defendants.**

**Civ. A. No. 89–2746.**

United States District Court, District of Columbia.

Jan. 5, 1990.

Stuart J. Gordon, Jeffrey P. Bloom, Baskin, Flaherty, Elliott, Mannino, Gordon & Scully, Washington, D.C., for plaintiff.

Eugene J. Comey, Susan L. Hoffman, Tuttle & Taylor, Washington, D.C., for defendants.

### MEMORANDUM ORDER

(Denying Motion to Vacate Arbitration Award)

BARRINGTON D. PARKER, Senior District Judge:

#### A.

This matter is presently before the Court on Plaintiff's Motion to Vacate Arbitration Award. 9 U.S.C. § 6.

This matter was previously dismissed upon stipulation by the parties in favor of arbitration proceedings before the National Association of Securities Dealers ("NASD"). *Alvin Gandal v. Daley Securities, Inc. and Wedbush Securities, Inc.,* C.A. No. 88–1686 (Sept. 19, 1988). A hearing was held before NASD arbitrators and an award was issued on July 11, 1989 by the arbitration panel, dismissing the plaintiff's claim. The plaintiff then moved to vacate the panel's award.

#### B.

The parties substantially agree on the following events. The plaintiff owned stock in John Blair Company ("Blair") registered in the street name of his broker defendant Daley Securities, Inc. ("Daley"). On December 24, 1986 John Blair effected a merger whereby its stockholders would receive for each share of common stock, debentures with a face amount of $38.11. Their principal amount is $20.75 plus annual interest at 12%. The debentures mature in the year 2001. No interest is payable until 1991. Blair stock was worth $18.22

per share at the time of the merger. The debentures received and retained by the plaintiff were, at about that time, trading at $18.67.

Following notice of the proposed merger plaintiff advised Daley that he wished to vote against the merger and to perfect his dissenter's rights pursuant to Section 262 of the General Corporation Law of the State of Delaware. This statute provides, in pertinent part, that any stockholder of a Delaware corporation that has neither voted in favor of a merger or consolidation nor consented thereto in writing shall be entitled to an appraisal by the Court of Chancery of the fair value of his shares of stock. Section 262(i). The defendant failed to execute the plaintiff's order. The plaintiff lost his appraisal rights.

In the lawsuit filed in this Court, the plaintiff sought $500,000 in breach of contract and negligence damages for the loss of his appraisal rights. The defendant denied that the plaintiff suffered any damages and asserted the affirmative defense that Gandal failed to mitigate his damages and thereby caused in whole or in part or substantially contributed to any damages he may have suffered.

### C.

It is well settled that "judicial review of an arbitration award has been narrowly limited." *Revere Copper & Brass, Inc. v. Overseas Private Investment Corp.*, 628 F.2d 81, 83 (D.C.Cir.), *cert. denied*, 446 U.S. 983, 100 S.Ct. 2964, 64 L.Ed.2d 839 (1980); *see also Sargent v. Paine Webber Jackson & Curtis, Inc.*, 674 F.Supp. 920, 922 (D.D.C.1987), *rev'd on other grounds*, 882 F.2d 529 (D.C.Cir.1989).

A court may vacate an arbitration award only under one of the reasons set forth in the Arbitration Act, 9 U.S.C. § 10 or if the arbitrators show a "manifest disregard of law" in rendering their decision. Our Circuit Court, noting that the Supreme Court has observed that arbitral awards may be made without explanation, *Wilko v. Swan*, 346 U.S. 427, 436, 74 S.Ct. 182, 187, 98 L.Ed. 168 (1953), and following the Second Circuit's lead in *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211 (2d Cir.1972), has said that while forcing arbitrators to explain their award would increase the ability of "courts to spot the sort of 'manifest disregard' of the law that justified overturning an arbitral award," when grounds for their decision can be gleaned from the record, "an explanation requirement would unjustifiably undermine the speed and thrift sought to be obtained by the 'federal policy favoring arbitration'." *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529 (D.C.Cir.1989), quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).[1] There is nothing in the arbitrator's decision to suggest, as the plaintiff contends, that the NASD arbitration panel failed to consider applicable Delaware law. Daley's defense throughout has been that any damages which may have resulted due to their negligence and breach of contract and all liability flowing therefrom, is, under well settled principles of contract and tort law, subject to the non-breaching parties' duty to mitigate.

The plaintiff for his part argues that pursuant to the Delaware statute the arbitrators were obliged to "direct the payment of the fair value of the shares ... to the stockholders entitled thereto." Section 262(i). Their alleged failure to do so, argues the plaintiff, evidences an express disregard of the law warranting this Court's order to vacate the award.

However, it is clear that nothing in Delaware law would have prevented the arbitra-

---

1. This Court acknowledges the controlling authority which recognizes that while the requirement of an explanation or a clarification of an arbitrator's reasoning would help to uncover a manifest disregard or failure to apply the law, on the balance such a rule would undermine the purpose of arbitration: the quick efficient means of private dispute settlement. However, mindful of Justice Frankfurter's dissenting opinion in *Wilko v. Swan*, this Court holds to the belief that the "appropriate means for judicial scrutiny must be implied, in the form of some record or opinion, however informal, whereby such compliance will appear, or want of it will upset the award." 346 U.S. 427 at 440, 74 S.Ct. 182 at 189, 98 L.Ed. 168 (1953).

tors from assigning a certain fair value to the debentures and assessing the liability of the parties under the facts alleged and legal theories expressed in the pleadings. On the contrary, it seems likely that the arbitrators have considered the mitigation argument put forth by the defendant and cannot be said to have understood the law and disregarded it nonetheless.

THEREFORE for the foregoing reasons, it is this 5th day of January, 1990,

ORDERED, that plaintiff's motion to vacate arbitration award is denied and the complaint of arbitration is dismissed with prejudice.

SO ORDERED.