Abdollah MALEKZADEH, M.D., Deborah A. Malekzadeh, Parvis Sorouri, M.D., and Sally E. Sorouri, Petitioners,

v.

Thomas R. WYSHOCK, Respondent.

Civ. A. No. 11,783.

Court of Chancery of Delaware, New Castle County.

Submitted: Jan. 27, 1992.
Decided: April 7, 1992.

HARTNETT, Vice Chancellor.

Pursuant to 10 *Del.C.* § 5714, Respondent Thomas R. Wyshock ("Wyshock") has moved to vacate part of an arbitration award. Because the Arbitrators did not exceed their authority, Wyshock's motion must be denied and, pursuant to 10 *Del.C.* § 5714(d), the Award must be confirmed.

I

On March 7, 1986 Wyshock and the petitioners in this action: Abdollah Malekzadeh, Deborah A. Malekzadeh, Parvis Sorouri and Sally E. Sorouri entered into a Partnership Agreement for the development and management of a partnership known as Meadowood II Enterprises. The Malekzadehs and the Sorouris were the limited partners (collectively "limited partners"), each with a 30% partnership interest. Wyshock, the sole general partner, managed the partnership properties and received an increased partnership interest (40%) that was in lieu of a salary or other form of compensation for his services.

The relationship between the limited partners and Wyshock deteriorated in 1990 when the limited partners began to suspect that Wyshock was mismanaging the partnership. On numerous occasions the limited partners requested that Wyshock account for partnership funds and produce the complete books and records of the partnership. Even though only certain documents were made available to the limited partners, an accountant they engaged believed that those records indicated mismanagement by Wyshock.

On October 26, 1990, the limited partners filed a companion action requesting that Wyshock be enjoined from taking any action on behalf of the partnership and requesting that his management duties be turned over to the limited partners. They also requested an accounting, pursuant to which adjustments would be made to partnership interests and capital accounts to recompense for Wyshock's alleged mismanagement.

This Court denied the limited partners' request for a preliminary injunction because the arbitration clause of the Partner-

David N. Williams, and Jeffrey C. Wisler, Williams, Gordon & Martin, P.A., Wilmington, for petitioners.

Marla Rosoff Eskin, Douglas B. Canfield, and Robert Jacobs, Jacobs & Crumplar, P.A., Wilmington, for respondent.

ship Agreement provided an adequate remedy. *Sorouri v. Wyshock*, Del.Ch., C.A. No. 11,782–NC, 1990 WL 193324, Hartnett, V.C. (Nov. 30, 1990).

Wyshock then sought arbitration of the dispute and subsequently filed in this action a motion to stay the proceedings in Chancery and an order to compel arbitration. That motion was granted on February 6, 1991 and the arbitration hearing was held on September 25, 1991. Wyshock now challenges the Award.

The Partnership Agreement at paragraph 31 contained a broad arbitration clause that provided:

"Any dispute or controversy arising under, out of, in connection with or in relation to this Agreement, and any amendments thereof, or the breach thereof, or in connection with the formation, operation, dissolution, or liquidation of the Partnership, shall be determined and settled by arbitration in accordance with the rules of the American Arbitration Association. Any award rendered therein shall be final and binding on each and all of the Partners and judgment may be entered thereon in any court having jurisdiction thereof."

It is clear that if this provision for arbitration was not otherwise limited, its broad language would preclude any challenge by Wyshock as to the Arbitration Award. *James Julian, Inc. v. Raytheon Service Co.*, Del.Ch., 424 A.2d 665 (1980). The issue is somewhat clouded, however, because, in accordance with the Rules of the American Arbitration Association ("Association"), the parties entered into a "Pre–Trial Stipulation" ("Stipulation"). The Stipulation stated that the issues to be heard at the arbitration hearing were whether Wyshock had violated either Delaware partnership law or the Partnership Agreement, and whether he had breached the fiduciary duty he owed to the limited partners. The Stipulation further stated, however:

"A. The Limited Partners seek the following relief:

1. Limited Partners seek to have Wyshock removed as manager of the partnership and to have all partnership operations turned over to the Limited Partners.

2. Limited Partners seek an accounting of the partnership which will result in a determination as to the current and rightful status of all partnership accounts. This accounting is to include a determination as to the proper reconciliation of each partner's capital account.

3. Limited Partners seek a correction of Wyshock's misappropriations and misdirections of funds through an adjustment of Wyshock's partnership interest and/or an adjustment of Wyshock's capital account and/or through an order that Wyshock restore such funds to the partnership.

B. Wyshock seeks judgment in his favor dismissing each and every claim asserted by the Limited Partners."

Pre–Trial Stipulation at 4–5.

The three member arbitration panel issued its Award on October 28, 1991. The Award provided that Wyshock would retain his general partner status, but his management duties would be turned over to an independent property manager elected by the entire partnership. Wyshock's partnership interest was accordingly to be reduced by 6⅔% and each of the limited partners' partnership interests was to be increased by 3⅓%. The independent property manager was directed to employ an accountant to make any necessary adjustments to the capital accounts.

Wyshock has now moved pursuant to 10 *Del.C.* § 5714(a)(3) to vacate Paragraphs 1 through 4 inclusive of the Arbitration Award claiming that the Arbitrators exceeded their authority as to those portions of the Award.

## II

Delaware has adopted the Uniform Arbitration Act, with some amendments. 10 *Del.C.* Ch. 57; *Pettinaro Const. Co. v. Harry C. Partridge, Jr. & Sons, Inc.*, Del.Ch., 408 A.2d 957 (1979). Under this Act, in reviewing an arbitration award, a Court may not pass on the merits of

claims submitted to an Arbitrator. 10 *Del.C.* § 5701. In considering an application to vacate an arbitration award, the Court is limited to a determination of whether there exists any of the five statutory grounds for vacating an award, as set forth in 10 *Del.C.* § 5714. *Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis,* 7th Cir., 849 F.2d 264 (1988); *Fairchild & Co., Inc. v. Richmond, Fredericksburg and Potomac Railroad Co.,* D.D.C., 516 F.Supp. 1305 (1981); *Roberts v. Shelly's of Delaware,* Del.Ch., C.A. No. 6801–NC, 1982 WL 17827, Hartnett, V.C. (Nov. 9, 1982). If none of those grounds are found, and there is no pending motion to modify or correct the award, the Court must affirm the award. 10 *Del.C.* § 5714(d).

### III

■ A party moving to vacate an arbitration award on the grounds that the Arbitrators exceeded their powers pursuant to 10 *Del.C.* § 5714(a)(3) must show by strong and convincing evidence that the Arbitrator clearly exceeded his authority. *Federated Department Stores, Inc. v. J.V.B. Industries, Inc.,* 6th Cir., 894 F.2d 862 (1990); *Baltimore Barn Builders v. Jacobs,* Del. Ch., C.A. No. 1424–S, 1990 WL 237094, Hartnett, V.C. (Dec. 17, 1990). Absent such a showing, the Court will assume that the Arbitrator acted within his granted authority, and the award will be confirmed. *Baltimore Barn Builders, supra.*

■ There are two sources for the authority of an Arbitrator: 1) the underlying agreement between the parties in which they agree to submit their disputes to arbitration and 2) the document containing the submission to the Arbitrator of the issues to be decided. *Fagnani v. Integrity Finance Corp.,* Del.Super., 167 A.2d 67, 70 (1960). The scope of the Arbitrator's authority is defined by the "mutual assent of the parties to the terms of the submission." *Id.* at 73–74. If the Arbitrator decides an issue outside of those contained in the submission, or if his actions are in direct contradiction to the express terms of the agreement of the parties, he has exceeded his authority. *Coast Trading Co., Inc. v.*

*Pacific Molasses Co.,* 9th Cir., 681 F.2d 1195, 1198 (1982); *Totem Marine Tug & Barge, Inc., v. North American Towing, Inc.,* 5th Cir., 607 F.2d 649, 651 (1979).

### IV

Wyshock first claims that the portion of the Award that provides for the selection of an independent property manager and the revision of the partnership interests is beyond the authority of the Arbitrators because the Arbitrators found that he had not mismanaged the partnership. He cites paragraph 5 of the Award that expressly denies the limited partners' claims that Wyshock: (1) built the Cellular One building without approval; (2) failed to cancel certain life insurance policies; (3) made improper capital distributions of Mellon refinance proceeds; and (4) overcharged the Partnership for secretarial assistance, Federal Express charges and trash removal charges. Wyshock argues that the Arbitrators had authority to grant relief to the limited partners only if they found malfeasance on his part. He therefore concludes that absent such a finding, any relief awarded was beyond the scope of the Stipulation.

If the claims denied in paragraph 5 of the Award had been the only charges the limited partners leveled against Wyshock, it is likely that the Arbitrators would have exceeded the scope of their authority by granting relief in favor of the limited partners. The Stipulation, however, stated that the October 26, 1990 petition for a preliminary injunction and an accounting which the limited partners filed in this Court would serve as the agreed "foundation of the Limited Partners' claims."

The averments in the petition in this Court were not limited to the four claims denied by the Arbitrators' Award. They included claims of improper withdrawals from the Partnership capital account, the refusal to produce the Partnership's books and records for inspection, and other claims of mismanagement and breach of fiduciary duty. These claims were not denied, or even mentioned, in the Arbitrators' Award.

An Arbitrator need not state the grounds for a grant of relief, and it is normally inappropriate for a court to direct an Arbitrator to disclose the reasoning of his decision. *See Sargent v. Paine Webber, Jackson & Curtis, Inc.,* D.D.C., 674 F.Supp. 920 (1987), *reconsideration denied,* 687 F.Supp. 7 (1988). If grounds for the award can be inferred from the facts of the case, the award is deemed to be within the scope of the Arbitrator's authority and must be affirmed. *Amoco Oil Co. v. Oil, Chemical and Atomic Workers International Union,* 7th Cir., 548 F.2d 1288 (1977), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977); *Falcon Steel Co., Inc. v. HCB Contractors, Inc.,* Del. Ch., C.A. No. 11,557–NC, 1991 WL 50139, Hartnett, V.C. (April 4, 1991).

Because there were claims made by the limited partners that were not expressly addressed in the Award, it can be inferred that those claims served as the basis for the granting of the limited partners' request that Wyshock be relieved of his management duties. Considering the extreme animosity between the limited partners and Wyshock, an independent manager would seem to be the only practical way the Partnership could continue. The revision of the partnership interests is a logical extension of that inference, because the April 4, 1986 Amendment to the Partnership Agreement expressly states that Wyshock's partnership interest was greater to compensate him for his management services. Upon being relieved of those duties, he no longer was entitled to a greater share of the partnership. The Award cannot, therefore, be vacated as being beyond the authority of the Arbitrators on these grounds.

## V

Wyshock also argues that the Arbitrators exceeded their authority by awarding relief other than that requested in the Stipulation. He bases his objection to the designation of an independent property manager to take over his management duties on the fact that the limited partners requested only that all partnership operations be turned over to the limited partners, not a third party.

While Wyshock is correct in his contention that the limited partners did not expressly ask for the appointment of a third party to manage the partnership, the Arbitrators were not confined in the creation of a remedy to the relief requested. In the Partnership Agreement's arbitration clause the partners agreed that the arbitration of their disputes would be conducted pursuant to the rules of the American Arbitration Association. The Stipulation did not narrow or otherwise change the applicability of those rules.

The Association's Rule 43 provides, in pertinent part, that "[t]he Arbitrator may grant any remedy or relief which the Arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract." When the "Relief Sought" section of the Stipulation is read in light of the broad scope of Rule 43, it is clear that the remedies listed were proposals, not exclusive alternatives. *See* RODMAN, *Commercial Arbitration* § 21.3 (1984). Indeed, the United States Supreme Court has held that the award of relief not previously conceived of by the parties is not grounds for vacating an Arbitrator's award. *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

Even though an Arbitrator may formulate a unique remedy, the award must nevertheless be "within the scope of the agreement of the parties". Association Rule 43. An arbitration award is deemed to be outside the scope of the parties' agreement only when it "manifests a clear infidelity to the Arbitrator's obligation of drawing the 'essence' of the award from the [underlying contract]. . . ." *Timken Co. v. Local Union No. 1123, United Steelworkers of America,* 6th Cir., 482 F.2d 1012, 1014 (1973). *See also General Telephone Co. of Ohio v. Communications Workers of America,* 6th Cir., 648 F.2d 452 (1981).

■ In this dispute, the Award does "draw its essence" from both the Partnership Agreement and the Stipulation. The Arbitrators noted in paragraph 5 of the Award that it was beyond their jurisdiction to restructure the partnership so as to create the general partnership the limited partners requested. This finding by the Arbitrators evidences their commitment to granting relief that would be practical yet consistent with the substance of the Partnership Agreement. Moreover, the delegation of the management duties to a third party preserves the relationship of the parties as a limited partnership. As previously noted, the appointment of an independent property manager was not only desirable, it was a practical necessity. Because this aspect of the Award is within the agreement of the parties, the Arbitrators did not exceed their authority in granting it.

## VI

■ Wyshock also objects to the directive that the independent property manager appoint an accountant to reconcile the capital accounts because the limited partners sought such an accounting only from the Arbitrators. According to Wyshock, that directive constituted an abdication of the Arbitrators' authority to resolve the dispute between the parties.

The directive that the independent property manager engage an accountant to reconcile the capital accounts according to standard accounting principles was not an abdication of the Arbitrators' duty to decide the controversy. Wyshock has misstated the record in his assertion that the limited partners requested that only the Arbitrators conduct an accounting; the request for the accounting does not address who should conduct it.

By deciding that the partnership interests of the partners would be modified to reflect the change in management, the Arbitrators had already fulfilled their duty to decide the issue before them at hand. The direction that an accountant make the corollary capital account adjustments did not vest any issue-resolving authority outside of the arbitration panel. *See Wark & Co. v. Twelfth & Sansom Corp.*, 378 Pa. 578, 107 A.2d 856 (1954).

■ Nor is an accounting ordinarily performed by the trier of fact. *Dakota Grain Systems, Inc. v. Rauser*, N.D.Supr., 435 N.W.2d 205 (1989); *Robichaud v. Smith*, 33 Tenn.App. 651, 232 S.W.2d 576 (1949). *See also Goldinger Bros. v. Warren*, Del.Ch., C.A. No. 599–K, Hartnett, V.C. (June 14, 1979). Wyshock's contention that the Arbitrators surrendered their authority to an unauthorized third party is therefore without merit.

## VII

In summary, the Arbitrators did not exceed their authority by designating the appointment of an independent property manager and by revising the partnership interests to reflect that change in management duties. This relief was grounded both in the issues put before the Arbitrators in the Stipulation and in the essence of the arbitration clause in the Partnership Agreement.

The directive that the property manager engage an accountant to adjust the capital accounts was not an abdication of the Arbitrators' duty to decide the issues submitted to them, but rather was a mandate as to how their decision should be carried out.

As no statutory grounds for vacating the arbitration award have been established, the award is confirmed pursuant to 10 *Del.C.* § 5714(d).

IT IS SO ORDERED.