NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

WALKER CONSTRUCTION CO., Respondent.

No. 90–4264.

United States Court of Appeals, Fifth Circuit.

April 15, 1991.

**696**

Howard E. Perlstein, Paul Hitterman, Aileen Armstrong, Deputy Assoc. Gen. Counsel, N.L.R.B., Washington, D.C., for petitioner.

Larry W. Wilshire, Richard W. Wiseman, Brown, Herman, Scott, Dean & Miles, Ft. Worth, Tex., for respondent.

James Walker, Ft. Worth, Tex., for Walker Const. Co.

Before CLARK, Chief Judge,
RONEY *, and DUHÉ, Circuit Judges.

## PER CURIAM:

This is an application for enforcement of a National Labor Relations Board order. The Board found that Walker Construction Company violated the National Labor Relations Act [1] by implementing a wage and health benefits plan without affording the Union [2] notice and an opportunity to bargain.

Walker contends that enforcement should be denied for two reasons: *first,* because the Union never requested bargaining, there is no evidence to support the Board's finding that Walker refused to bargain, and *second,* the Union's complaint of an unfair labor practice was barred by the six-month statute of limitations. Both arguments fail because of the failure of the company to give proper notice to the Union. There is no requirement that the Union request bargaining because the company did not give direct notice to the Union of the changes in the employment benefits. The running of the statute of limitations was not triggered until the Union received actual notice of the unfair labor practice. We, therefore, enforce the Order.

It is undisputed that Walker never gave formal or direct notice to the Union of the company's unilateral implementation of the wage and health benefits program. Recently, in *Texas Petrochemicals Corp. v. NLRB,* 923 F.2d 398, 406 (5th Cir.1991), this Court held that a successor employer's failure to give notice directly to a Union of an upcoming employee poll constituted an unfair labor practice. The failure to give direct notice to the labor Union prior to the making of a fundamental change in employee working conditions is an unfair labor practice because it usurps the Union's power to bargain on behalf of its members. *See Central Soya Co., Inc. v. NLRB,* 867 F.2d 1245, 1249 (10th Cir.1988); *Universal Sec. Instruments, Inc. v. NLRB,* 649 F.2d 247, 259 (4th Cir.), *cert. denied,* 454 U.S. 965, 102 S.Ct. 506, 70 L.Ed.2d 380 (1981).

Walker contends that it gave the Union the required notice by alerting its employees, the Union members, that a new wage and health benefits program was about to be implemented. The Company is required to notify the Union itself, however, not just the bargaining unit employees, and to do so " 'sufficiently in advance of actual implementation of [the] decision to allow reasonable scope for bargaining.' " *Gulf States Mfg. Inc. v. NLRB,* 704 F.2d 1390, 1397 (5th Cir.1983) (quoting *Ladies Garment Workers v. NLRB,* 463 F.2d 907, 919 (D.C. Cir.1972)). *See NLRB v. Rapid Bindery, Inc.,* 293 F.2d 170, 176 (2nd Cir.1961) (even where the employer provided notice of changes to employees, their "conjecture or rumor [was] not an adequate substitute for an employer's formal notice to a Union of a vital change in working conditions that ha[s] been decided upon"). This Court has stated that "an employer must at least inform the Union of its proposed actions

---

* Circuit Judge of the Eleventh Circuit, sitting by designation.

**1.** § 8(a)(5) and (1) (29 U.S.C. §§ 158(a)(5) and (1)).

**2.** International Union of Operating Engineers Local 714, AFL–CIO.

under circumstances which afford a reasonable opportunity for counter arguments or proposals." *Gulf States Mfg. Inc., v. NLRB*, 704 F.2d 1390, 1397 (5th Cir.1983), *quoting NLRB v. Citizens Hotel Co.*, 326 F.2d 501, 505 (5th Cir.1964). Bypassing the Union and announcing changes directly to employees "places the employer in the position of making choices for the employees which should be made via the bargaining representative." *Central Soya Co. v. NLRB*, 867 F.2d 1245, 1249 (10th Cir.1988), *citing Universal Sec. Instruments, Inc. v. NLRB*, 649 F.2d 247, 259 (4th Cir.), *cert. denied*, 454 U.S. 965, 102 S.Ct. 506, 70 L.Ed.2d 380 (1981). *Accord Hecks, Inc.*, 293 NLRB No. 132, slip op. at 21, 131 LRRM 1281, 1287 (1989) (announcing changes directly to employees without consulting the Union "disparages the collective-bargaining process and improperly undermines the status of the Union as the designated and recognized collective-bargaining representative of the ... employees"). *See also Medo Photo Supply Corp. v. NLRB*, 321 U.S. 678, 684, 64 S.Ct. 830, 833, 88 L.Ed. 1007 (1944) ("it is a violation of the essential principle of collective bargaining and an infringement of the Act for the employer to disregard the [employees'] bargaining representative....").

■ For similar reasons, there is no merit to the Company's contention that enforcement should be denied because of the Union's failure to file suit within the six-month statute of limitations period contained in 29 U.S.C. § 160(b).[3] The company instituted the new wage and health benefits package and the employees did in fact receive new benefits beginning on June 15, 1987. Suit was filed by the Union more than six months later on January 21, 1988.

The administrative law judge, however, made a specific finding, to which Walker did not object, that the Union did not receive actual notice of Walker's implementation of the new wage and health benefits program until July 28, 1987. Local 714 (the Union) filed suit on January 21, 1988, less than six months after this date.

■ While the formal and direct notice required in the unfair practice context is not required in order to commence the running of the statute of limitations, the Union still must receive some actual and unequivocal notice that an unfair practice has occurred before the statutory time period will commence. *NLRB v. Glover Bottled Gas Corp.*, 905 F.2d 681, 683–85 (2nd Cir.1990) (collecting cases); *Esmark, Inc. v. NLRB*, 887 F.2d 739, 746 (7th Cir.1989); *Teamsters Local Union No. 42 v. NLRB*, 825 F.2d 608, 616 (1st Cir.1987); *NLRB v. Allied Products Corp., Richard Bros. Div.*, 548 F.2d 644, 650 (6th Cir.1977); *Russell–Newman Mfg. Co.*, 167 NLRB 1112, 1115 (1967), enforced, 406 F.2d 1280, 1281 n. 1 (5th Cir.1969).

Since the statute of limitations for an action alleging the unfair labor practice did not begin to run until the date the Union received actual notice of the practice, Local 714 timely filed its action within the six-month statutory period.

ENFORCED.

---

**3.** Section 10(b) of the National Labor Relations Act (29 U.S.C. § 160(b)) provides in relevant part: "[N]o complaint shall issue based upon any unfair labor practice occurring more than

six months prior to the filing of the charge of the Board and the service of a copy thereof on the person against whom such charge is made ..."