CALIFORNIA PORTLAND CEMENT
COMPANY, d/b/a Catalina Pacific
Concrete Company, ("CPC"), Peti-
tioner,

International Union of Operating
Engineers, Local Union 12,
Intervenor,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

National Labor Relations Board,
Respondent/Cross–
Petitioner,

v.

California Portland Cement Company,
d/b/a Catalina Pacific Concrete Com-
pany, ("CPC"), Petitioner/Cross–Re-
spondent.

No. 00–70029, 00–70562.
NLRB No. 21–CA–31978.
NLRB No. 21–CA–32027.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Sept. 26, 2001.

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM *

California Portland Cement, Co., d/b/a Catalina Pacific Concrete, (CPC) petitions for review of the determination by the National Labor Relations Board that it committed unfair labor practices when (1) it unilaterally changed the duties and responsibilities of employees, who were members of the International Union of Operating Engineers, Local 12, and who were covered by a collective bargaining agreement between CPC and the Union, and (2) refused to bargain with the Union. The Board has filed a cross petition for enforcement of its order. We enforce the order.

■■■■ (1) CPC asserts that the statute of limitations bars this proceeding because the unfair labor practice occurred April 6, 1996, and the Union filed charges April 2, 1997, but the time for filing a complaint based upon an unfair labor practice is six months. *See* NLRA § 10(b), 29 U.S.C. § 160(b). However, as the parties agree, the period does not start to run against a union until it receives actual or constructive notice. *SAS Elec. Servs., Inc.,* 323 NLRB 1239, 1253 (1997); *John Morrell & Co.,* 304 NLRB 896, 899 (1991).[1] Here, notice was given to a union steward, but that was not notice to the Union, unless he was its agent for this purpose. In deciding whether he was, we apply common law agency principles. *See NLRB v. Dist. Council of Iron Workers,* 124 F.3d 1094, 1098 (9th Cir.1997). On the record before us, the Board did not err when it decided that the steward was not the Union's agent for the purpose of receiving notice of the unilateral changes in job duties made by CPC. Nothing in the collective bargaining agreement made him an agent for that purpose, and there is no evidence to show that he had apparent authority. Moreover, mere notice to the employees, including the steward, was not actual or constructive notice to the Union. *See NLRB v. Compact Video Servs., Inc.,* 121 F.3d 478, 481–82 (9th Cir.1997); *NLRB v. Walker Const. Co.,* 928 F.2d 695, 697 (5th Cir.1991). CPC simply ignored the Union;

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. CPC bears the burden of persuasion on this issue. *Carrier Corp.,* 319 NLRB 184, 190 (1995).

it could not do that. The proceeding at hand was filed within six months after the Union received notice.[2]

By the same token, the Union could not have waived its bargaining rights when it did not even have notice of the change. *See NLRB v. Unbelievable, Inc.*, 71 F.3d 1434, 1440–41 (9th Cir.1995). And on this record we cannot say that the Board erred when it determined that the Union had not abandoned the unit.

(2) CPC next claims that the employees in question had been given dispatching duties earlier on, and that made them supervisors. The Union did know about that earlier change in the duties. However, the mere fact that an employee does some dispatching is not enough to make him a statutory supervisor. Among other things, the employee must have been required to use independent judgment. *See* NLRA § 2(11), 29 U.S.C. § 152(11); *NLRB v. S.R.D.C., Inc.*, 45 F.3d 328, 332 (9th Cir.1995). CPC had the burden of showing that was the case. *See NLRB v. Bakers of Paris, Inc.*, 929 F.2d 1427, 1445 (9th Cir.1991). It did not carry that burden; it did not show that the addition of those duties made a change in the employees' responsibilities of a kind that removed them from the ranks of non-supervisoral employees.[3]

(3) Finally, CPC argues that it had a good faith doubt that the Union had majority status, and, therefore, did not commit an unfair labor practice when it refused to bargain. We disagree. Good faith alone is not enough because the doubt must arise "in a context free of employer activities aimed at causing disaffection." *Hotel, Motel & Rest. Employees & Bartenders Union Local No. 19 v. NLRB*, 785 F.2d 796, 799 (9th Cir.1986) (*Hotel Employees*). Here CPC's unilateral change in the job duties, which, it declared, made the employees supervisors, was precisely the kind of practice that is designed to disaffect employees and undermine unions. *See Louisiana–Pac. Corp. v. NLRB*, 858 F.2d 576, 578 (9th Cir.1988); *Hotel Employees*, 785 F.2d at 799. Moreover, CPC did not demonstrate that the Union had lost its majority status before CPC committed the unfair labor practice in question.

ORDER ENFORCED.

**2.** CPC urges that the Board should have decided whether the Union had constructive notice apart from notice given to the steward. However, the ALJ declared that CPC's "entire argument" before him relied upon notice to the steward; we find nothing in the record (or the excerpts) to the contrary. While it appears that CPC did raise the issue to the Board, that body does not ordinarily consider issues which are raised before it for the first time. *See Operating Eng'rs Local 520*, 298 NLRB 768 fn. 3 (1990); *Yorkaire, Inc.*, 297 NLRB 401, 401 (1989); *Camay Drilling Co.*, 254 NLRB 239, 240 fn. 9 (1981). Thus, it is not surprising that the Board did not address the argument. Nor should it be surprising that we decline to do so. *See* 29 U.S.C. § 160(e); *NLRB v. Int'l Bhd. of Elec. Workers, Local 952*, 758 F.2d 436, 439–40 (9th Cir. 1985); *NLRB v. Int'l Ass'n of Bridge Workers, Local 378*, 473 F.2d 816, 817 (9th Cir.1973).

**3.** Incidentally, at the same time as CPC argued that the steward was a statutory supervisor, it argued that he was a union agent.