ASSOCIATED READY MIXED CONCRETE, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

General Truck Drivers, Office, Food and Warehouse Union, Local 952, Respondent–Intervenor.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

General Truck Drivers, Office, Food and Warehouse Union, Local 952, Petitioner–Intervenor,

v.

ASSOCIATED READY MIXED CONCRETE, INC., Respondent.

Nos. 95–70723, 95–70768.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 1997 *.

Decided March 17, 1997.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Howard C. Hay and Robert P. Bryant, Paul, Hastings, Janofsky, and Walker, Costa Mesa, California, for petitioner.

Margaret Gaines Neigus and Daniel J. Michalski, National Labor Relations Board, Washington, D.C., for respondent.

Before: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.

FARRIS, Circuit Judge:

Associated Ready Mixed Concrete, Inc. appeals the National Labor Relations Board's order holding that Associated refused to bargain with or furnish relevant and necessary information to a certified union. Associated argues that the union was not properly certified. We have jurisdiction pursuant to 29 U.S.C. § 160(f), and enforce the NLRB's order.

## BACKGROUND

Associated Ready Mixed Concrete employs truck drivers in Lake Forest, California. On January 6, 1994, the General Truck Drivers, Office, Food and Warehouse Union, Local 952 filed a petition with the National Labor Relations Board seeking certification as the collective-bargaining representative for Associated's truck drivers.

Prior to the certification vote, the Union promised Associated's employees that it would waive all back dues and other amounts owed to the Union by any voter if a majority of the employees voted for the Union. This promise was common policy for the Union. Employees could owe back dues if they had belonged to the Union during prior employment and had failed to withdraw when the prior employment ceased. One voter believed that he might owe a small amount in back dues, and was not informed that he did not until after the election. A second voter knew that he owed back dues at the time of the election, dating from employment over two years prior. No other voters owed amounts to the Union.

The Union won the election by a vote of nine to seven. If the election had resulted in a tie, the Union would not have been certified. Associated filed objections to the election on the ground that the Union's pre-election promise was an impermissible promise of a financial benefit. An NLRB hearing officer conducted a hearing on the incident and concluded that the promise had been made but that it was not impermissible. The NLRB accepted these findings and certified the Union as the exclusive bargaining representative of the employees.

Associated refused to bargain with the Union or to provide it with required information. The Union filed an unfair labor practice charge against Associated. The NLRB concluded that the Union was properly certified and that Associated's refusal to bargain or provide information violated sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act (29 U.S.C. § 158(a)(1), (a)(5)). It ordered Associated, among other requirements, to bargain with the Union and to provide the required information. Associated appeals this order. The NLRB cross-appeals for enforcement of its order.

## DISCUSSION

We review the NLRB's decision to determine whether it correctly applied the law and whether its findings of fact are supported by substantial evidence. *California Pac. Medical Ctr. v. NLRB,* 87 F.3d 304, 307 (9th Cir.1996). The NLRB possesses wide discretion in determining the propriety of a union representation election process. *NLRB v. S.R.D.C., Inc.,* 45 F.3d 328, 330 (9th Cir.1995).

An NLRB order certifying a union as the exclusive representative of a unit of employees is not subject to direct judicial review. *Pittsburgh Plate Glass Co. v. NLRB,* 313 U.S. 146, 151, 61 S.Ct. 908, 911–12, 85 L.Ed. 1251 (1941). Now that the Union has made a complaint of unfair labor practices predicated upon the prior ruling, Associated properly seeks judicial review. *Id.* at 154, 61 S.Ct. at 913.

The NLRB has the duty, under the National Labor Relations Act, to establish "the procedure and safeguards necessary to insure the fair and free choice of bargaining representatives by employees." *NLRB v. Savair Manufacturing Co.,* 414 U.S. 270, 276, 94 S.Ct. 495, 498, 38 L.Ed.2d 495 (1973). The NLRB has interpreted this to require that employers and unions may not make promises of benefits to employees in order to influence employees' votes. *Loubella Extendables, Inc.,* 206 N.L.R.B. 183, *2, 1973 WL 4461, *2 (1973). Because this is a reasonable interpretation, we accept it. *See NLRB v. Unbelievable, Inc.,* 71 F.3d 1434, 1438 (9th Cir.1995) (court of appeals should defer to the NLRB's reasonable interpretation and application of the National Labor Relations Act).

A union's pre-election promise to waive back dues if the union wins the election is not a promise of a financial benefit where the union's constitution and bylaws do not require the collection of such back dues and it has not been the union's practice to collect them. *See Andal Shoe, Inc.,* 197 N.L.R.B. 1183, *2, 1972 WL 4480, *2 (1972). This is

true even where, as here, the practice of not collecting back dues is not explicitly communicated to the employees and the union's constitution and bylaws do not preclude enforcement of the debt. *See id.* at *3 (Miller, Chairman, dissenting) (noting practice of not collecting back dues was not communicated to employees and union's constitution did not preclude such).

■ Associated argues that the instant case is akin to NLRB decisions holding that union pre-election promises of waiver of back dues were impermissible promises of financial benefits. *See McCarty Processors, Inc.,* 286 N.L.R.B. 703, *1, 1987 WL 89991, *1 (1987); *Loubella,* 206 N.L.R.B. at *2, 1973 WL 4439 at *2. However, the cases on which Associated relies involved situations where the employees were contractually obligated, due to union-security clauses, to pay their back dues regardless of the outcome of the election, and the employees could reasonably have expected the union to demand payment of the back fees. *McCarty,* 286 N.L.R.B. at *2, 1987 WL 89991 at *2; *Loubella,* 206 N.L.R.B. at *2, 1973 WL 4439 at *2. Here, only one employee actually owed any back dues, but the security clause that would have made this debt a true obligation was unenforceable because the dues were incurred while working for a different employer. *See NLRB v. Fishermen & Allied Workers Union, Local 33,* 448 F.2d 255, 256 (9th Cir.1971).

The NLRB's distinction between promises to waive back dues that employees have an enforceable obligation to pay and ones that they do not is a reasonable interpretation of the National Labor Relations Act. We accept it. *See Unbelievable,* 71 F.3d at 1438.

This conclusion is consistent with Supreme Court dicta. The Court has held that a union's pre-election promise to waive initiation fees for those employees signing a pro-union card prior to the election is impermissible. *Savair,* 414 U.S. at 277, 94 S.Ct. at 498–99. The Court held that even though employees signing the cards were not obligated to vote for the union, they might still feel obligated to carry through on their stated intention, and the employee's cards could serve as a useful campaign tool for the union. *Id.* at 277–78, 94 S.Ct. at 498–500. Thus, the vote was no longer a free choice. *Id.* at 279, 94 S.Ct. at 500.

However, the Court also stated that unions may waive initiation fees prior to elections, if done for all employees, because it is removing "an artificial obstacle to the endorsement of the union," rather than offering a financial benefit. *Savair,* 414 U.S. at 272 n. 4, 94 S.Ct. at 496 n. 4. Where there is no practice of collecting back dues, as here, waiver of back dues is similar to waiver of initiation fees because each removes potential artificial costs of unionizing.

Where the back dues are not enforceable, or a union is not in the practice of collecting them, an employee does not receive a financial benefit from a union's promise to waive back dues. In these situations, a union's promise to waive back dues simply removes an artificial obstacle to the endorsement of the union by creating a situation in which the employee will not have to pay back dues whether he votes for or against the union.

The National Labor Relations Board's order is ENFORCED.